# 24-1879

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT

◆ ◆ ◆

OFFICE CREATE CORPORATION,

*Petitioner-Appellant,*

—against—

PLANET ENTERTAINMENT, LLC, STEVE GROSSMAN,

*Respondents-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR RESPONDENTS-APPELLEES

JAMIE M. BRICKELL
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
(212) 421-4100

*Attorneys for Respondents-Appellees*

## CORPORATE DISCLOSURE STATEMENT

The undersigned counsel for Respondent-Appellee Planet Entertainment, LLC certifies pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure as follows:

Planet Entertainment, LLC is a Delaware corporation wholly owned by private individuals. No publicly held corporation owns 10% or more of its stock.

Dated:      New York, New York
            December 18, 2024

                    **PRYOR CASHMAN LLP**

                    */s/ Jamie M. Brickell*
                    Jamie M. Brickell
                    7 Times Square
                    New York, NY 10036
                    P: 212.421.4100
                    F: 212.326.0806
                    jbrickell@pryorcashman.com

                    *Attorneys for Respondents-Appellees*

## <u>TABLE OF CONTENTS</u>

I.   PRELIMINARY STATEMENT ........................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND ...................................2

    a.  The Original Motion By Office Create .........................................2

    b.  The Motion For Reconsideration ..............................................6

III.   SUMMARY OF ARGUMENT .......................................................9

IV.   ARGUMENT.........................................................................10

    a.  Office Create Misconstrues *VFS Financing*.............................10

    b.  Subsequent Authorities Citing to *VFS Financing* Support Grossman's Position ......................................................................15

    c.  The Timing Of Payments Into The Retirement Accounts Is Irrelevant...16

V.   CONCLUSION.......................................................................17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allianz Ins. Co. v. Lerner,*
  416 F.3d 109 (2d Cir. 2005) ................................................................. 10

*Cruz v. TD Bank, N.A.,*
  2 N.E.3d 221 (2013) .......................................................................... 4

*FDIC v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
  M–18–302, 1992 WL 204380 (S.D.N.Y. Aug. 11, 1992) .......................... 6, 14

*Greene v. United States,*
  13 F.3d 577 (2d Cir. 1994) ................................................................. 10

*Guidry v. Sheet Metal Workers Nat'l Pension Fund,*
  493 U.S. 365 (1990) ..................................................................... 5, 8, 16

*Keawsri v. Ramen-Ya Inc.,*
  No. 17-CV-02406 (LJL), 2022 WL 17813236 (S.D.N.Y. Dec. 19,
  2022) ............................................................................................ 15

*Kickham Hanley P.C. v. Kodak Ret. Income Plan,*
  558 F.3d 204 (2d Cir. 2009) ................................................................ 5

*State ex rel. Koster v. Bailey,*
  493 S.W.3d 423 (Mo. Ct. App. 2016) .................................................. 15

*Majteles v. AVL Corp.,*
  696 N.Y.S.2d 748 (Sup. Ct. 1999) ...................................................... 8

*Murphy v. First Unum Life Ins. Co.,*
  No. 15-CV-820 (SJF)(SIL), 2016 WL 526243 (E.D.N.Y. Feb. 9,
  2016) ............................................................................................ 15

*Planned Consumer Mktg., Inc. v. Coats & Clark, Inc.,*
  522 N.E.2d 30 (1988) ....................................................................... 8

*United States v. Gershman,*
  31 F.4th 80 (2d Cir. 2022) ................................................................. 10

*VFS Financing, Inc. v. Flies-Savion-Fox LLC*,
   73 F. Supp. 3d 329 (S.D.N.Y. 2014) ..........................................................*passim*

**Statutes**

29 U.S.C. § 1051(6) ........................................................................................12

29 U.S.C. § 1056(d)(1)......................................................................................5

CPLR § 5205....................................................................................*passim*

## I.  PRELIMINARY STATEMENT

Appellant Office Create is attempting to collect on an arbitration award that it obtained against Grossman by unlawfully garnishing the money in a retirement account that was clearly intended to benefit not only Grossman and his wife, but also his employees.  However, a provision in the Employee Retirement Income Security Act ("ERISA")—known as the anti-alienation provision—forbids such conduct and provides that benefits, including funds, under a pension plan may not be "alienated" for any reason, including to satisfy a judgment.

Office Create seeks to avoid this conclusion by arguing that a provision in New York's Civil Practice Law and Rules (the "CPLR"), which allows for the garnishment of money from a retirement account for the purpose of satisfying a monetary judgment *if* the money was placed in that account within 90 days of the commencement of the legal action, applies and that it is therefore entitled to the money in the aforementioned retirement account.  However, it is clear from both the statutory provisions and the relevant case law that ERISA, which is in direct conflict with the New York State law, preempts the application of the CPLR statute in question.  Grossman advanced this preemption argument in his briefing in the lower court, but Office Create elected not to respond to it in any way.  The lower court ultimately agreed that ERISA preempts the application of the CPLR and held that Office Create cannot access the funds in this retirement account.  Office Create then

filed a motion for reconsideration, which was swiftly denied. It now appeals both of those decisions to this Court.

Office Create's appellate brief demonstrates that it has no legal basis to appeal the lower court's denial of its original motion or its motion for reconsideration. In fact, its entire brief is based on its misinterpretation of a case, *VFS Financing, Inc. v. Elias-Savion-Fox LLC*, which held that IRAs, a specific type of retirement account, are not included in ERISA's anti-alienation provision and therefore the CPLR provision is not preempted by ERISA in relation to those specific accounts. Office Create incorrectly argues that this case stands for the broader proposition that ERISA can never preempt the CPLR provision. However, it is respectfully submitted that this is not what the Court held in *VFS Financing*, and the Second Circuit must reject Office Create's effort to misconstrue and manipulate settled case law in order to support its meritless position. Specifically, the Second Circuit should reject Office Create's arguments and affirm the lower court ruling denying Office Create's original motion and its subsequent motion for reconsideration.

## II.   **FACTUAL AND PROCEDURAL BACKGROUND**

### a. **The Original Motion By Office Create**

After prevailing in its arbitration against Grossman, Office Create restrained several Merrill Lynch "Retirement Cash Management Accounts" in which it claimed Grossman had an interest in order to satisfy a portion of the arbitration award. SPA-

1–2. In response, Grossman served an "Exemption Claim Form" (received by Office Create on December 8, 2023) indicating that all of the Merrill Lynch accounts were exempt from restraint because they contained "payments from pension and retirement accounts." SPA-2. On December 12, 2023, Office Create objected to Grossman's exemption claim (*Id.*) and asked the lower court to declare that the Merrill Lynch accounts were not exempt. SPA-2–3.

In response to this submission, Grossman submitted an extensive brief, dated January 3, 2024, laying out all of the reasons why the CPLR provision relied upon by Office Create—CPLR § 5205(c)(5)—is preempted by ERISA. *See generally* Dkt. No. 65. When it filed its Reply Memorandum on January 9, 2024, Office Create did not respond to the preemption argument in any way. *See generally* Dkt No. 67. Instead, its submission focused exclusively on whether the accounts in question only cover Grossman and his wife. *See id.* at 3-5. When Grossman produced evidence in its February 9, 2024 responsive affidavit showing that there were beneficiaries of the accounts in question other than Grossman and his wife—namely Grossman's employees—the court correctly concluded that these accounts were protected. *See* SPA-11–12.

Judge Ramos began his analysis on that first motion by referring to Article 52 of the CPLR, which establishes "procedures for the enforcement of money judgments in New York, which may include the imposition of a restraining notice

against a judgment debtor's bank account to secure funds for later transfer to the judgment creditor through a sheriff's execution or turnover proceeding." SPA-3–4 (*citing Cruz v. TD Bank, N.A.*, 2 N.E.3d 221, 223 (2013)). As the District Judge pointed out, "some funds, however, are exempt from restraint, such as 'Social Security benefits, public assistance, unemployment insurance, pension payments and the like.'" SPA-4.

After discussing the notification and claims procedure, and recognizing that Grossman had properly served an exemption claim form, the Court wrote further that "[a]n exemption claim form executed by the judgment debtor is prima facie evidence that the funds are exempt." SPA-5. The Court then properly recognized that the judgment creditor bears the burden of proof to establish the amount of funds that are not exempt. *Id.* The Court then correctly ruled that "Grossman's exemption claim form is prima facie evidence of an exemption, and the burden is on Office Create to show that the funds in the accounts are not exempt." *Id.*

Justice Ramos then continued his analysis by writing: "With respect to the retirement accounts, the principal dispute between the parties is the application of CPLR section 5205" and "[t]hat provision lists certain personal property that is exempt from application to the satisfaction of a money judgment." SPA-6 (citing CPLR § 5205(a)). Relevant to this case is that "property is exempt if it is 'held in trust for a judgment debtor, where the trust has been created by, or the fund so held

4

in trust has proceeded from, a person other than the judgment debtor.'" *Id.* (citing CPLR § 5205(c)(1)). The court noted that "[t]his exemption includes 'all trust, custodial accounts, annuities, insurance contracts, monies, assets or interests established as part of, and all payments from, either any trust or plan' that is qualified under section 401 of the Internal Revenue Code." *Id.* (citing CPLR § 5205(c)(2)). The court correctly pointed out that the exemption is subject to an exception for any additions to an asset made after the date that is 90 days before the imposition of the claim on which the judgment was entered. *Id.* (citing CPLR § 5205(c)(5)).

The court wrote that "[t]he parties agree that the five Merrill Lynch retirement accounts are qualified under Section 401 of the Internal Revenue Code," but they disagree on "whether the exception found in section 5205(c)(5) applies to those accounts." *Id.* Grossman's position, which relies on ERISA's anti-alienation provision, is that the exception does <u>not</u> apply because § 5205(c) is preempted by ERISA. SPA-6–7. Indeed, ERISA's anti-alienation provision provides that "[e]ach pension plan shall provide that benefit provided under the plan may not be assigned or alienated" (29 U.S.C. § 1056(d)(1)), which the lower court explicitly recognized is "'a general bar to the garnishment of pension benefits from plans covered by [ERISA].'" SPA-7 (citing *Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 210 (2d Cir. 2009) (*quoting Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 371 (1990))).

The Court below then specifically addressed the holding in *VFS Financing*:

> At a status conference held on February 20, 2024, counsel for Office Create summarily cited one case, *VFS Financing, Inc. v. Flies-Savion-Fox LLC,* 73 F. Supp. 3d 329 (S.D.N.Y. 2014), for the proposition that ERISA does not preempt CPLR section 5205(c). **That case, however, involved "SRA/IRA" accounts that are not covered by ERISA's anti-alienation provision.** *Id.* at 341. That point was central to the court's distinction of an earlier decision, *FDIC v. Merrill Lynch, Pierce, Fennel & Smith,* Inc., No. M-18-302 (KMW), 1992 WL 204380 (S.D.N.Y. Aug. 11, 1992), which held that ERISA does preempt section 5205(c) as it applies to pension plans. *See VFS Fin.,* 73 F. Supp. 3d at 347 n.8 (**explaining that *Merrill* was "easily distinguished" because it involved pension plans, which, unlike individual retirement accounts, are covered by ERISA's anti-alienation provision**). And again, Office Create did not make any preemption arguments in its briefing. *Id.*

On that basis, the Court below properly concluded that Office Create failed to meet its burden.

### b. The Motion For Reconsideration

After the Court below issued the decision described above, Office Create filed a motion for reconsideration. *See generally* Dkt. No. 91. Rather than explaining why ERISA did not preempt its claims, Office Create focused again on an argument that was beside the point: "Office Create argue[d] that the preemption analysis in the Court's order was unnecessary because there" was supposedly a "threshold issue as to whether the funds were improperly transferred into the Merrill Lynch accounts in an effort to frustrate enforcement of the judgment." SPA-17. Office Create claimed that the lower court "overlooked its argument that 'the funds were

transferred from non-exempt accounts during the look-back period, thereby rendering them subject to claw-back regardless of the ERISA status of the alleged retirement accounts" and that "[b]ecause the fraudulent transfers were made from the Respondents' corporate and personal accounts during the look-back period, the subject funds are reachable, and no consideration of ERISA's anti-alienation provisions or preemption of CPLR article 52 was necessary or warranted." *Id*.

The court below squarely rejected this argument in denying Office Create's Motion for Reconsideration. After pointing out all of the flaws in Office Create's attempted second bite of the apple, Judge Ramos correctly underscored that, once again, Office Create "did not address whether section 5205(c)(5) was preempted by ERISA." *Id.* The court then further rejected Office Create's argument that it need not decide the preemption argument at all. SPA-18.

At oral argument of its motion for reconsideration, Office Create argued that it had addressed the preemption issue at a February 20, 2024 court conference while the original motion was pending. SPA-7. According to Office Create, it had cited to *VFS Financing* at that conference for the proposition that CPLR § 5205(c)(5) is not preempted by ERISA. *Id.* Although Office Create may have ***mentioned*** the case at the conference, it failed to explain why *VFS Financing* would alter the court's conclusion.

The Judge's response to this motion addressed this flaw directly: "The Court has already explained why *VFS Financing* does not help Office Create . . . and the motion for reconsideration provides no reason for the court to revisit that conclusion."[1] SPA-18–19. The court wrote: "Even in its motion for reconsideration, Office Create never actually explain[ed] why section 5205(c)(5) is not preempted by ERISA" and instead "argue[d] that preemption questions should be decided only if necessary." SPA-19 (citing Dkt. No. 91 at 5-6). The Court then correctly concluded that "the preemption question raised by Grossman cannot be avoided." *Id.*

Finally, as indicated in footnote 1 above, Office Create also cited to a case (*Planned Consumer*), which it claimed supported its position that the Court never needed to reach the preemption issue. See Dkt. No. 91 at 6-8. The Court rejected Office Create's interpretation of *Planned Consumer* by citing to another relevant case, *Majteles v. AVL Corp.*, 696 N.Y.S.2d 748, 751-52 (Sup. Ct. 1999), in which a New York trial court, following the precedent set in *Guidry*, 493 U.S. at 752, held that any proceeds "unlawfully paid to the pension fund defendants which remain within the fiduciary responsibility of the plan managers" were protected by ERISA's anti-alienation provisions. SPA-19. Thus, Office Create took two completely different approaches before attempting to argue that it should prevail with regard to

---

[1] At this point, the Court also explained why it would not consider new arguments raised by Office Create in its motion for reconsideration, and also why the holding in *Planned Consumer Mktg., Inc. v. Coats & Clark, Inc.,*522 N.E.2d 30 (1988) did not alter its conclusion. *See* SPA-19.

these accounts without ever actually addressing the merits of the preemption agreement. Its current argument, which finally addresses preemption, fares no better.

## III. SUMMARY OF ARGUMENT

This Court should affirm the lower court's decision denying Office Create's original motion and its subsequent motion for reconsideration because the District Court correctly interpreted and applied the law with respect to ERISA's preemption of CPLR § 5205(c)(5). ERISA and CPLR § 5205(c)(5) are in direct conflict as it relates to the garnishment of funds in pension accounts because ERISA's anti-alienation provision protects all funds in such accounts, while the CPLR only protects funds that were placed in such accounts 90 days before the commencement of a litigation. In a direct conflict between a federal and state law, which we have here, the federal law must prevail. Accordingly, the District Court properly applied this settled principle of law by ruling that ERISA preempts CPLR § 5205(c)(5) as it relates to pension accounts like the one at issue and held that Office Create may not seize any funds from these accounts in an effort to satisfy an arbitration award.

To support its position against preemption, Office Create misconstrues and misapplies a case from the Southern District of New York, *VFS Financing*. The

holding in *VFS Financing* rejecting the preemption argument is clearly limited to IRAs, which is a specific type of retirement account that is not at issue in this case.

Besides its lack of legal merit, Office Create's argument that ERISA does not preempt CPLR § 5205(c)(5) also fails because Office Create elected not to address this argument until its appeal and courts generally do not consider arguments raised for the first time on appeal.

## IV.   ARGUMENT

### a.  Office Create Misconstrues *VFS Financing*.

In its appellate brief, Office Create, *for the first time*, tries to explain why ERISA does not preempt its claimed right under Article 52 of the CPLR.  *See* SPA-7 (lower court finding that "Office Create did not make any preemption arguments in its briefing").  Raising an issue for the first time on appeal is improper. *See United States v. Gershman*, 31 F.4th 80, 95 (2d Cir. 2022)  ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.") (citing *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994));  *see also Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (declining to consider new arguments raised on appeal where the party had raised different arguments in support of the same general legal claim below).  An appellate court may sometimes exercise discretion to consider a forfeited argument, but typically only for plain error.  *See Gershman*, 31 F.4th at 95.  Setting aside Office

Create's waiver of its arguments against preemption, its third attempt at seizing funds from Grossman's protected retirement account is no more legally sound than the first two. Indeed, Office Create's entire brief is based upon an inaccurate interpretation of *VFS Financing*.

Office Create's central argument is that *VFS Financing* holds that *all* of CPLR 5205 is not preempted by ERISA, based on a single statement by the court at the beginning of the decision: "The Court holds that ERISA does not preempt this statute." *VFS Fin., Inc.*, 73 F. Supp. 3d at 332; *see also* Office Create Br. at 16. Had this been the only reference to ERISA in the decision, and there was no analysis (or precedent) that the Court could look to on this issue, one might be able to make a good faith argument that the *VFS Financing* decision could be read that broadly. However, there is decidedly more to the case and the decision than those few words, and what is clear is that *VFS Financing* merely stands for the proposition that ***IRA Accounts*** are not protected by ERISA—and it has no bearing on the Pension Plans that are at issue here. *VFS Fin., Inc.*, 73 F. Supp. 3d at 338 ("ERISA clearly applies to SRA/IRA plans"). Stated simply, the *VFS Financing* case does not support Office Create's third bite of the apple.

For one thing, the court in *VFS Financing* devotes substantial attention to distinguishing IRAs from other retirement accounts. *Id.* at 334 ("An SRA/IRA is a type of retirement account" and "is available only to employers with 100 or fewer

11

employees.").  If it were the court's intention in *VFS Financing* to rule that none of CPLR Article 52 is preempted by ERISA, there would have been no reason for it to engage in this comparison, or to explain in detail how ERISA expressly "excludes IRAs from all of Part 2"—of which the anti-alienation provision is part.  *Id.* at 341.  Office Create is effectively asking this Court to ignore all of the analysis that is central to that decision, and to instead rely exclusively on language at the introduction of the discussion without any of the necessary context.

Indeed, in the fact section of the *VFS Financing* case, the Court discusses the unique aspects of IRA accounts and expressly distinguishes them from other forms of retirement accounts:

> An SRA/IRA is a type of retirement account. An SRA/IRA is available only to employers with 100 or fewer employees . . . The employer sets up the SRA/IRA account and must make a contribution when an eligible employee contributes . . . Once the retirement account is created, the employee has full control over the funds in the account. Money in an SRA/IRA account appreciates tax-free; funds in the account are taxed only upon withdrawal. (internal citations omitted). *Id.* at 334.

The *VFS Financing* court then states further that ERISA excludes specifically IRAs—but not other retirement accounts— "from *all* of Part 2 (which comprises 11 subsections)." *Id.* at 341. Indeed, according to 29 U.S.C. § 1051(6), Part 2 does not apply to "an individual retirement account or annuity described in section 408 of" the IRA Code.   29 U.S.C. § 1051(6)

The Court continued:

> Because ERISA itself does not conclusively address *whether an SRA/IRA account* is exempt from the accountholder's creditors, the issue becomes one of preemption: Does ERISA preempt New York's anti-garnishment law, N.Y. CPLR § 5205, from shielding **such an account**? *See VFS Fin.,* 73 F. Supp. 3d at 334. (Emphasis supplied.)

The court's answer is simple: CPLR § 5205 "blocks creditors from reaching a wide range of assets, including, among others, religious texts, family pictures, domestic animals, a wedding ring, clothing, a car, and—relevant here—<u>retirement funds provided for under IRC § 408</u>." *Id.* at 348. Since retirement accounts (other than IRAs) are not excluded from Part 2, the non-IRA retirement accounts at issue in this case are protected by the anti-alienation provision in Part 2 of ERISA. In fact, *VFS Financing* explicitly recognizes that ERISA's anti-alienation provision "protects funds *in other types* of retirement accounts [i.e., non-IRA accounts] from creditors." *Id.* at 341.

There are other findings in the *VFS Financing* decision that undermine Office Create's claim that it bars exemption of all retirement accounts. For example, the *VFS Financing* court explicitly found that "employer-maintained accounts, such as 401–Ks" are subject to ERISA's anti-alienation provision. *Id.* at 346. And given that the accounts in question are employer maintained accounts, *all* funds in these retirement accounts are protected from creditors, and ERISA preempts CPLR §5205 because the two statutes directly contradict each other. The *VFS Financing* court expressly recognized that "in the face of [a] direct clash between state law and the

provisions . . . of ERISA, the state law cannot stand." *Id.* at 344 (citing *Boggs v. Boggs*, 520 U.S. 833, 834 (1997)).

Thus, under the clear holding of *VFS Financing*, ERISA preempts CPLR § 5205 as it relates to retirement accounts other than IRAs. More specifically, ERISA's anti-alienation provision (which protects *all* funds in these retirement accounts from creditors) provides more protection for the funds in the retirement accounts than CPLR § 5205 does, since the CPLR only protects funds placed in such retirement accounts at least 90 days *before* the commencement of a litigation. Given this greater degree of protection, *VFS Financing's* analysis that New York's statute (which protects money in an IRA/SRA account so long as the funds were placed in the account 90 days before the commencement of the litigation) gives "a degree of protection above and beyond that provided by ERISA" <u>does not apply</u> to the retirement account at issue in this case. *Id.*

What is clear from the foregoing is that *VFS Financing*, which decided that claims against an IRA account under CPLR §5205(c)(5) should not be preempted by ERISA, does not decide anything broader than the impact of ERISA on IRAs. Nowhere in its ruling does the *VFS Financing* court indicate that the opinion overturns *FDIC v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, M-18-302 (KMW), 1992 WL 204380 (S.D.N.Y. Aug. 11, 1992), or undermines that precedent case in any way.

14

**b. Subsequent Authorities Citing to *VFS Financing* Support Grossman's Position.**

While it offers its own interpretation of *VFS Financing*, and claims that it must be read more broadly than it actually does, Office Create has not cited to a single authority that concludes that *VFS Financing* should be read in this manner. However, it is respectfully submitted that other subsequent cases underscore that Office Create's interpretation of *VFS Financing* is inaccurate.

For example, in *Murphy v. First Unum Life Ins. Co.*, the Court noted that *VFS Financing* holds that "ERISA does not preempt state anti-garnishment statute sheltering retirement **IRA accounts** from judgment creditors." No. 15-CV-820 (SJF)(SIL), 2016 WL 526243, at *2 (E.D.N.Y. Feb. 9, 2016) (emphasis added).

Similarly, in *Keawsri v. Ramen-Ya Inc.,* the District Court noted that *VFS Financing* found "[u]nder the anti-garnishment statute, 'any contributions to [**the debtor's SRA/IRA**] account made after the date that is 90 days before the interposition of the claim on which the judgment herein was entered are not exempt from execution". No. 17-CV-02406 (LJL), 2022 WL 17813236, at *2 (S.D.N.Y. Dec. 19, 2022) (emphasis added); *See also State ex rel. Koster v. Bailey*, 493 S.W.3d 423, 429 (Mo. Ct. App. 2016) (*VFS* accurately acknowledges the "anti-alienation provision is in Part 2 of Title I of ERISA" and "ERISA excludes **IRAs** from all of Part 2") (emphasis added).

15

And finally, in this regard, it is worth mentioning again that *Guidry,* which predates *VFS Financing*, provides support for Grossman's interpretation of the *VFS Financing* decision by broadly holding that "[b]oth the District Court and the Court of Appeals presumed that § 206(d)(1) of ERISA erects a general bar to the garnishment of pension benefits from plans covered by the Act." 493 U.S. at 371 .

Office Create has built this appeal on a disingenuous interpretation of *VFS Financing*, without addressing key portions of that decision, and without citing to any of the cases coming before or after *VFS Financing* that would help explain its meaning and its significance. Thus, in sum, while Office Create has finally attempted (on its third submission) to address the preemption issue, its argument in that regard appears to be entirely without merit.

### c. The Timing Of Payments Into The Retirement Accounts Is Irrelevant.

Office Create's appellate brief focuses a lot of attention on when the monies at issue were transferred into the accounts in question, and where they were transferred from. In truth, most of this is irrelevant to the instant appeal since the preemption issue should be decided first. However, two responsive points need to be made in this regard.

First, since it is clear from the Court decision on the above-referenced motion for reconsideration that the preemption issue must be decided first, the correct conclusion is that the Court need never get to the issue of how to interpret CPLR

16

5205 if it first decides that the statute in question is preempted by ERISA. Here, because the finding that Office Create's claim is preempted is the correct one, this Court never needs to address the subsequent issues.

Second, while Office Create argues that the timing of the payments into these accounts constituted evidence of fraud, it ignores the fact that each of these accounts was established years before the arbitration was commenced—even before the parties first entered into an agreement to develop the Cooking Mama game. Thus, no matter how hard Office Create tries to convince this Court that this is evidence of a desire on Grossman's part to defraud Office Create, what the evidence really shows is that Grossman was setting up a pension account for the benefit of his employees long before any issues ever arose with Office Create. Thus, even if this Court were to address where the money came from and when, the purported "evidence" on which Office Create relies simply does not support its claim of an intent to defraud.

## V.  **CONCLUSION**

For all of the foregoing reasons, it is respectfully submitted that the Second Circuit should affirm the lower court's ruling denying Office Create's original motion, as well as its subsequent motion for reconsideration.

Dated:      New York, New York
              December 18, 2024

Respectfully submitted,


**PRYOR CASHMAN LLP**

*/s/ Jamie M. Brickell*
Jamie M. Brickell
7 Times Square
New York, NY 10036
P: 212.421.4100
F: 212.326.0806
jbrickell@pryorcashman.com

*Attorneys for Respondents-Appellees*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

The foregoing brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) and Local Rule 32.1(a)(4)(A) because this brief contains 4,156 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 with 14-point Times New Roman font.

Dated: December 18, 2024