# 24-1879-cv

## United States Court of Appeals

### *for the*

## Second Circuit

OFFICE CREATE CORPORATION,

*Petitioner-Appellant,*

— v. —

PLANET ENTERTAINMENT, LLC, STEVE GROSSMAN,

*Respondents-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## REPLY BRIEF FOR PETITIONER-APPELLANT

MARC R. LABGOLD
PATRICK J. HOEFFNER
LAW OFFICES OF
    MARC R. LABGOLD, PC
*Attorneys for Petitioner-Appellant*
1900 Reston Metro Plaza, Suite 600
Reston, Virginia 20190
(703) 901-8860

CP COUNSEL PRESS    (800) 4-APPEAL • (811807)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ............................................................................................... 1

ARGUMENT ....................................................................................................... 2

    I.    It is Undisputed that the District Court Committed Clear Error of Law In Holding OC Conceded A Question of Law ............... 2

    II.    The District Court Erred in Not Performing the Supreme Court's Post-1995 Preemption Analysis ............................................. 3

    III.    District Court Erred in Finding *VFS Financing* Inapposite ................. 6

        A.    The Holding of *VFS Financing* is Not Limited to IRA/SRA Accounts ........................................................................ 6

        B.    Judgment Debtors' Reliance on ERISA's Anti-Alienation Provision and *Guidry* Fail ...................................... 10

        C.    Judgment Debtors' "Subsequent Authorities" Do Not "Support Grossman's Position" ................................................. 12

        D.    Judgment Debtors' Timing of Payments Argument Fails ............................................................................................. 13

CONCLUSION ................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Boggs v. Boggs*,
520 U.S. 833 (1997) ...................................................................................9

*Ellis Natl. Bank v. Irving Trust Co.*,
786 F.2d 466 (2d Cir. 1986) .....................................................................12

*FDIC v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
M-18-302 (KMW), 1992 WL 204380 (S.D.N.Y. Aug. 11, 1992) ..........8

*Ford v. Bernard Fineson Development Center*,
81 F.3d 304 (2d Cir. 1996) .........................................................................3

*Gerosa v. Savasta & Co.*,
329 F.3d 317 (2d Cir. 2003) ...................................................................3, 5

*Guidry v. Sheet Metal Workers Nat'l Pension Fund*,
493 U.S. 365 (1990) ............................................................................10, 11

*Hattem v. Schwarzenegger*,
449 F.3d 423 (2d Cir. 2006) ...............................................................4, 5, 11

*Helmsley-Spear, Inc. v. Winter*,
74 A.D.2d 195, *aff'd* 52 N.Y.2d 984 (1981) ...........................................12

*In re McLean Indus., Inc.*,
30 F.3d 385 (2d Cir. 1994), *cert. denied*, 115 S. Ct. 934 (1995) ...........3

*Keawsri v. Ramen-Ya Inc.*,
No. 17-cv-02406 (LJL) (S.D.N.Y. Dec. 19, 2022) ...............................13

*Liberty Mut. Ins. Co. v. Donegan*,
746 F.3d 497 (2d Cir. 2014) ........................................................... 4, 5, 7

*Maryland v. Louisiana*,
451 U.S. 725, 101 S. Ct. 2114, 68 L. Ed. 2d 576 (1981) ......................7

*Murphy v. First Unum Life Ins. Co.*,
No. 15-CV-820 (SJF)(SIL) (E.D.N.Y. Feb. 9, 2016) ..........................12

*N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins.*,
514 U.S. 645 (1995) ...................................................................... *passim*

*Planned Consumer Mktg v. Coats Clark*,
    71 N.Y.2d 442 (N.Y. 1988) ................................................................ *passim*

*Snider v. Melindez*,
    199 F.3d 108 (2d Cir. 1999) ...................................................................2

*State ex rel. Koster v. Bailey*,
    493 S.W.3d 423 (Mo. Ct. App. 2016) .....................................................13

*United States v. Castillo*,
    891 F.3d 417 (2d Cir. 2018) ...................................................................2

*VFS Financing Inc. v. Elias-Savion-Fox LLC*,
    73 F. Supp. 3d 329 (S.D.N.Y. 2014) ........................................... *passim*

**Statutes & Other Authorities:**

U.S. Const. art. VI, cl. 2 ...........................................................................7

29 U.S.C. § 1056(d)(1)............................................................................10

CPLR § 5205.............................................................................. *passim*

CPLR § 5205(c) .......................................................................................3

CPLR § 5205(c)(5)....................................................................... *passim*

ERISA § 206(d)(1)....................................................................................10

**INTRODUCTION**

Petitioner-Appellant Office Create Corporation ("OC") submits this Reply in response to Respondent-Appellees' ("Judgment Debtors") Brief ("Opp.Br.").

Judgment Debtors' brief is more notable for what it does not say. *First*, Judgment Debtors fail to offer any response to OC's argument that the district court committed clear error of law in holding that OC conceded preemption. Because the district court based its finding that CPLR § 5205(c)(5) is preempted by ERISA on the erroneous conclusion that OC had conceded this point of law, the district court's April 26, 2024 and June 11, 2024 orders must be vacated and reversed. *Second*, Judgment Debtors fail to respond to OC's arguments that the district court compounded the foregoing error by failing to perform the Post-1995 Test proscribed by the Supreme Court and this Court for determining whether a state statute is preempted by ERISA. Had the district court done as proscribed, it would have concluded, just as the *VFS Financing* court did, that CPLR § 5205 is not preempted by ERISA. However, it is undisputed that the district court did not perform any analysis and simply relied on OC's alleged concession of law.

What Judgment Debtors' brief does say is not persuasive. Judgment Debtors argue that OC relies on a single sentence of *VFS Financing* to misconstrue its holding. Such arguments fail on two grounds, (a) OC provided a detailed analysis of the entire decision as it pertains to CPLR § 5205 and ERISA, not just "a single

statement," and (b) the referenced "single statement" is the holding: "The Court holds that ERISA does not preempt this statute." Moreover, the assertion that the anti-alienation provision precludes the application of CPLR § 5205 fails as well. Judgment Debtors cannot use the anti-alienation provision as a shield where the very creation and enhancement of the subject retirement accounts was for the purpose of defrauding their creditors.

For the reasons provided in OC's opening brief and hereinbelow, OC respectfully requests this Court find affirmatively for OC on each issue presented and grant OC's requested relief.

## ARGUMENT

### I. It is Undisputed that the District Court Committed Clear Error of Law In Holding OC Conceded A Question of Law

The first issue presented in this appeal is whether the district court erred in holding OC conceded CPLR § 5205(c)(5) is preempted by ERISA. (*See* Appellant's Brief ("App.Br.") at 18-28). Judgment Debtors have failed to offer any response or argument concerning this issue.

It is undisputed that the question of whether ERISA preempts state law is a pure question of law. It is also undisputed that a court cannot determine a question of law on the basis of a party's concession. *Snider v. Melindez*, 199 F.3d 108, 114 (2d Cir. 1999); *United States v. Castillo*, 891 F.3d 417, 425-26 (2d Cir. 2018). Finally, it is undisputed that the district court determined a question of law – *i.e.*, whether

2

ERISA preempts CPLR § 5205(c)(5) – on the basis of OC's alleged concession. (SPA-7).[1]

The district court's holding that OC conceded CPLR § 5205(c)(5) is preempted by ERISA constitutes a clear error of law and must be reversed.

## II. The District Court Erred in Not Performing the Supreme Court's Post-1995 Preemption Analysis

When assessing whether a state statute is preempted by ERISA, the Supreme Court and the Second Circuit have instructed courts to "begin with the assumption that 'Congress does not intend to supplant state law,' a presumption that is particularly strong for 'state action in fields of traditional state regulation.'" *Gerosa v. Savasta & Co.*, 329 F.3d 317, 323 (2d Cir. 2003) (quoting *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins.,* 514 U.S. 645, 654-55 (1995)).[2]

---

[1] It is also undisputed that OC never conceded CPLR § 5205 is preempted by ERISA. *See* App.Br. at 21-28.

[2] Contrary to Judgment Debtors' assertion (Opp.Br. at 10-11), OC has not raised any new issues on appeal. OC consistently argued CPLR § 5205(c)(5) was the applicable law—not ERISA. (App.Br. at 21-28). Indeed, the district court acknowledged OC's reliance upon *VFS Financing* "for the proposition that ERISA does not preempt CPLR 5205(c)". (SPA-7). Regardless, this Court has held that it "reserve[s] considerable discretion to review purely legal questions not formally raised in the district court. . . . [A]rguments made on appeal need not be identical to those made below if they involve only questions of law and additional findings of fact are not required." *Ford v. Bernard Fineson Development Center*, 81 F.3d 304, 307 (2d Cir. 1996) (quoting *In re McLean Indus., Inc.*, 30 F.3d 385, 387 (2d Cir. 1994) (*per curiam*) (internal quotations omitted), cert denied, 115 S. Ct. 934 (1995)). Here, the issues on appeal are pure questions of law and OC relies exclusively on legal authorities and therefore are properly considered on appeal.

To find preemption of a state statute, a "'clear and manifest purpose' by Congress is required." *Liberty Mut. Ins. Co. v. Donegan*, 746 F.3d 497, 506 (2d Cir. 2014) (quoting *Travelers*, 514 U.S. at 655). In light of this heavy burden, a state statute will not be preempted by ERISA unless it has either a "connection with" or a "reference to" an employee benefit plan – *i.e.,* the Post-1995 Test. *Hattem v. Schwarzenegger*, 449 F.3d 423, 428 (2d Cir. 2006) (quoting *Travelers*, 514 U.S. at 656).

At issue in the present case is the application of New York's state garnishment statute (CPLR § 5205(c)(5)) for the prevention of debtor fraud – a field traditionally within the power of the states to police. *Planned Consumer Mktg v. Coats Clark*, 71 N.Y.2d 442, 454-55 (N.Y. 1988). Thus, in assessing whether ERISA preempts CPLR § 5205(c)(5) there is a "particularly strong" presumption against finding preemption that can be overcome only if displacing state authority was Congress' "clear and manifest purpose." *Liberty Mut.*, 746 F.3d at 506 (quoting *Travelers*, 514 U.S. at 655).

Judgment Debtors do not dispute that the district court was required to perform the Supreme Court's Post-1995 Test when determining preemption of a state statute by ERISA. It is also undisputed that the district court **did not** perform the Post-1995 Test in evaluating whether CPLR § 5205(c)(5) is preempted. In fact, it is undisputed that the district court ***failed to perform any analysis*** at all in evaluating Grossman's preemption claim. Instead, the district court improperly concluded that

4

CPLR § 5205(c)(5) was preempted, relying solely on its erroneous finding that OC had conceded the point. (SPA-7). That, however, was a clear error of law as detailed *supra*.

The district court was obligated to perform the preemption analysis required under the Supreme Court and this Court's precedents. *See, e.g., Gerosa*, 329 F.3d at 323 (quoting *Travelers*, 514 U.S. at 654–55); *Liberty Mut. Ins.*, 746 F.3d at 506 (quoting *Travelers*, 514 U.S. at 655); *Hattem*, 449 F.3d at 428 (quoting *Travelers*, 514 U.S. at 656). The record is clear—the district court did not perform any preemption analysis.

The district court was made aware of its obligation. OC expressly asserted that the statute at issue in this case – CPLR § 5205 – was not preempted for the reasons presented in *VFS Financing*. (A-563–564). The *VFS Financing* court explained and applied the Post-1995 Test to determine whether CPLR § 5205 has "a 'connection with' []or a 'reference to' an employee benefit plan." *VFS Financing Inc. v. Elias-Savion-Fox LLC*, 73 F. Supp. 3d 329, 343 (S.D.N.Y. 2014)(quoting *Hattem*, 449 F.3d at 428). Had the district court performed the Post-1995 Test, it would have necessarily reached the same conclusion as the *VFS Financing* court— that ERISA does not preempt CPLR § 5205:

> The Court's rulings, fully explained below, are as follows. Based on the parties' written agreements, **New York law applies to this dispute, including New York Civil Practice Law and Rules ("CPLR") § 5205**, which

5

> shields the SRA/IRA retirement account from garnishment
> by creditors (save for contributions made during, or after,
> the 90–day window that preceded the filing of the
> creditor's lawsuit). **The Court holds that ERISA does
> not preempt this statute.**

*VFS Financing*, 73 F. Supp. 3d at 332 (emphasis added).

    *VFS Financing*'s criticism of other courts is instructive. Specifically, *VFS Financing* explained that a Sixth Circuit decision was "of dubious vitality" because "[t]he Sixth Circuit did not mention *Travelers*, or acknowledge the Supreme Court's post–1995 approach to ERISA preemption; it instead relied solely on pre–1995 case law, did not mention the presumption against preemption, and did not inquire whether the Michigan statute impaired ERISA's objectives and practical operation." *Id*. at 347. In the present case, the district court's decision suffers from the same flaws and therefore must be reversed.

## III.   District Court Erred in Finding *VFS Financing* Inapposite

### A.   The Holding of *VFS Financing* is Not Limited to IRA/SRA Accounts

    Judgment Debtors assert that *VFS Financing* is limited to claims against IRA/SRA accounts to the exclusion of any other type of retirement account. The fallacy of Judgment Debtors' argument is revealed by their assertion that the *VFS Financing* court "decided that **claims against an IRA account** under CPLR §5205(c)(5) should not be preempted by ERISA…." (Opp.Br. at 14; emphasis added). This, however, is a misstatement of the law and not the proper legal inquiry

for determining preemption. "The doctrine of federal preemption is grounded in the Supremacy Clause, U.S. Const. art. VI, cl. 2. It holds that **a state law** that conflicts with a **valid federal law** is 'without effect.'" *VFS Financing*, 73 F. Supp. 3d at 341 (quoting *Maryland v. Louisiana*, 451 U.S. 725, 746, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981)) (emphasis added). It is a measure of discord between **two statutes**, not between a statute and a "claim." Thus, the correct analysis is not whether a specific **claim** is preempted; it is whether a specific state **statute** is preempted.

In the context of ERISA preemption, the Supreme Court and the Second Circuit have made clear that in applying the Post-1995 Test, the court must determine whether a state law has an impermissible "connection with" or "reference to" an ERISA plan to "trigger ERISA preemption." *Liberty Mut*., 746 F.3d at 507. In *VFS Financing*, the state law that the court analyzed was CPLR § 5205 and it reached a clear decision – "[t]he Court holds that ERISA does not preempt this **statute**." *VFS Financing*, 73 F. Supp. 3d at 332 (emphasis added).

Judgment Debtors ignore the analysis and attempt to minimize the holding by incorrectly asserting that the *VFS Financing* decision "merely stands for the proposition that **IRA Accounts** are not protected by ERISA." (Opp.Br. at 11; emphasis original). However, as OC demonstrated (App.Br. at 28-36), the *VFS Financing* court went to great lengths to explain the Supreme Court and Second Circuit ERISA preemption precedent and the proper application of that precedent to

7

CPLR § 5205 generally, which it then applied with meticulous detail. Indeed, the *VFS Financing* court's application of the Post-1995 Test makes clear that it was not limited to claims against IRA accounts.

*VFS Financing* included a direct nod to pension plans in general. Specifically, in distinguishing *FDIC v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, M-18-302 (KMW), 1992 WL 204380 (S.D.N.Y. Aug. 11, 1992), the court stated that "insofar as the *Merrill* court was moved by 'the breadth of federal preemption in ERISA,' the decision there predated the 1995 change in ERISA preemption doctrine." *VFS Financing*, 73 F. Supp. 3d at n.8. (internal citations omitted). Thus, *VFS Financing* distinguished *Merrill* as outdated because that decision was rendered prior to the 1995 change in the law, a clear indication that the Post-1995 Test must be applied with respect to pension plans – *i.e.*, not only IRAs.[3] *Id.*

A proper reading of the decision in *VFS Financing* makes clear that the court's application of the Post-1995 Test was not limited to claims against IRA accounts, but instead, CPLR § 5205 generally. The court's analysis considers both prongs of the Post-1995 Test in turn. *Id*. at 343-44. *First*, the *VFS Financing* court analyzed whether CPLR § 5205 had a "connection with" an employee benefit plan. That

---

[3] Further, *Merrill* did not involve the creation and/or enhancement of retirement accounts with the intent to defraud creditors. As explained *infra*, "the application of State laws voiding conveyances made in defraud of creditors does not impermissibly conflict with the identified purposes of the anti-alienation provision in ERISA." *Planned Consumer Mktg*, 71 N.Y.2d at 454-55.

8

analysis was not limited to IRA accounts and, indeed, is applicable to the pension plan accounts at issue here. *Id*. at 344-47. The court's reasoning is clear:

> In contrast, N.Y. CPLR § 5205 is both a "generally applicable" law and one that, rather than bearing on plan administration, operates in an area—debtor/creditor relations—"where ERISA has nothing to say." *Id*. at 148, 121 S.Ct. 1322. It is akin to the state laws, including laws that taxed or surcharged accounts governed by ERISA, which the Supreme Court and Second Circuit have upheld against claims of preemption, on the grounds that such laws had only an incidental or indirect effect on retirement accounts.

*Id*. at 345. Furthermore,

> The impact of the New York law instead falls on a non-ERISA entity, a third-party creditor: It prevents that creditor from garnishing and drawing down the beneficiary's retirement account. If anything, the New York statute thereby *furthers* ERISA's broad goal of ensuring the security of retirement income of future retirees, by giving retirement accounts a degree of protection above and beyond that provided in ERISA.

*Id.* at 344 (citing *Boggs v. Boggs*, 520 U.S. 833, 845 (1997))(emphasis original).

*Second*, the *VFS Financing* court's analysis with respect to whether CPLR § 5205 includes a "reference to" an employee benefit plan was not limited to claims against IRA accounts; it is fully applicable to the pension plan accounts at issue here. *Id*. at 347-48. The *VFS Financing* court stated unambiguously that because CPLR § 5205 blocks creditors from reaching several different kinds of assets, from religious texts to pets, and does not "single out ERISA plans for special treatment,"

9

the statute (*i.e.*, CPLR § 5205) is not preempted by ERISA. *Id*. at 348. Thus, contrary to Judgement Debtors' assertion, the *VFS Financing* court, applying the Post-1995 test, held CPLR § 5205 was **not** preempted by ERISA.

Accordingly, the district court's misinterpretation and short-shrift dismissal of *VFS Financing* constitutes reversible error of law.

### B. Judgment Debtors' Reliance on ERISA's Anti-Alienation Provision and *Guidry* Fail

Judgment Debtors argue that *Guidry* supports Judgment Debtors' interpretation of *VFS Financing* that ERISA's anti-alienation provision precludes the application of *VFS Financing* to pension plans. (Opp.Br. 16). Judgment Debtors' reliance on ERISA's anti-alienation provision (§ 206(d)(1)) is to no avail and, instead, shines light on the district court's error.[4] (Opp.Br. at 16; SPA-7).

The Court of Appeals of the State of New York held that the "antialienation provision, however, has never been held to be absolute," and "the application of State laws voiding conveyances made in defraud of creditors does not impermissibly conflict with the identified purposes of the anti-alienation provision in ERISA." *Planned Consumer Mktg*, 71 N.Y.2d at 454. In such circumstances, one cannot

---

[4] The anti-alienation provision is alternatively cited in case law as ERISA § 206(d)(1) and 29 U.S.C. 1056(d)(1).

attempt to abuse the Federal shield of ERISA to violate states' anti-fraud statutes. *Id.* at 454-55.[5]

Judgment Debtors' reliance on *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365 (1990) is similarly misguided. *Guidry* does not involve a preemption analysis concerning a state garnishment statute. Moreover, *Guidry* was decided before 1995 and necessarily the *Travelers* decision, in which the Supreme Court "*greatly narrowed* preemption." *Hattem*, 449 F.3d at 430 (emphasis original). Additionally, *Guidry* does not address whether ERISA precludes the application of a state garnishment statute to void conveyances made in defraud of creditors. Nonetheless, *Guidry*'s distinction from the present case illuminates the district court's error.

*Guidry* involved wrongful acts that had **occurred independently of the creation and transfer of funds** into an ERISA account. *See, e.g., Guidry*, 493 U.S. at 367. This precise distinction was the ground upon which the *Planned Consumer Mktg* court distinguished two other cases:

> Both cases involved an employer's attempt to reach assets of an employee in satisfaction of a judgment based on wrongdoing wholly unrelated to the creation and

---

[5] In its request for reconsideration of the district court's April 26, 2024 decision, OC attempted to explain that the court had erred in its reasoning, citing *Planned Consumer Mktg*, 71 N.Y.2d 442, case law that had only become material as a result of the court's erroneous decision. (A-592–594; A-613–614). The district court, however, compounded its error in its June 11, 2024 Order when it refused to even consider *Planned Consumer Mktg.* (SPA-19).

> disposition of funds into an ERISA account. The fraud occurred separately from and independently of the employee's ERISA interests, and there was no attempt to abuse the Federal shield of ERISA assets in order to violate State fraud laws.
>
> Here, however, the very creation and enhancement of the trust is alleged to have been in defraud of creditors.

*Planned Consumer Mktg.*, 71 N.Y.2d at 454 (citing *Helmsley-Spear, Inc. v Winter*, 74 A.D.2d 195, *affd* 52 N.Y.2d 984; *Ellis Natl. Bank v Irving Trust Co.*, 786 F.2d 466 (2d Cir. 1986)).

As OC has proved (App.Br. 37-42), the Judgment Debtors' "very creation and enhancement" of the subject retirement accounts was for the purpose of defrauding their creditors. Thus, Judgment Debtors cannot rely upon the anti-alienation provision to shield their fraudulent transfers. Accordingly, the district court erred in concluding ERISA precludes the application of CPLR § 5205(c)(5), the purpose of which is to prohibit the transfer of money in defraud of creditors.

### C. Judgment Debtors' "Subsequent Authorities" Do Not "Support Grossman's Position"

Judgment Debtors do not cite any Post-1995 decision that holds CPLR § 5205 is preempted by ERISA. Nor do any of their cited cases state that *VFS Financing* is not applicable to pension plans.

Judgment Debtors' reliance on *Murphy v. First Unum Life Ins. Co.*, No. 15-CV-820 (SJF)(SIL), at *5 (E.D.N.Y. Feb. 9, 2016) is self-defeating. *Murphy*

12

supports OC's position that the *VFS Financing* court's holding is focused on the ***state statute, not the claims***:

> *VFS Financing, Inc. v. Elias-Savion-Fox, LLC*, No. 12-cv-2853, 2014 WL 6765827, at *12 (S.D.N.Y. Dec. 1, 2014) (holding ERISA does not preempt **state anti-garnishment statute** sheltering retirement IRA accounts from judgment creditors, because **state statute** does not "interfere with the duties of ERISA plan administrators," "create disunity within federal law as to retirement benefits," or "affect the relationship between plan administrators and beneficiaries"). (Emphasis added).

Judgment Debtors' reliance on *Keawsri v. Ramen-Ya Inc.*, No. 17-cv-02406 (LJL) (S.D.N.Y. Dec. 19, 2022) is also misplaced. The parenthetical from *Keawsri* is quoted from the section of the *VFS Financing* decision that addresses issues other than preemption and is, therefore, irrelevant to the issues in this appeal.

As discussed *supra*, a preemption analysis must assess whether a particular **statute** is preempted by ERISA. Not surprisingly, the Missouri Court of Appeals did not concern itself with CPLR § 5205. *State ex rel. Koster v. Bailey*, 493 S.W.3d 423 (Mo. Ct. App. 2016). *Koster* merely cited *VFS Financing* as support for the fact that IRAs are excluded from the anti-alienation provision of ERISA. *Id*. at 429.

### D. Judgment Debtors' Timing of Payments Argument Fails

Judgment Debtors' argument regarding the timing of the transfers is a red herring and is contradicted by the evidence in the record. *First*, the assertion that "each of these accounts was established years before the arbitration was

commenced…" (Opp.Br. at 17) is demonstrably false and intentionally misleading. As OC has demonstrated (App.Br. at 39-41), each of the Merrill RCMA Accounts was opened *after* the arbitration was commenced. (A-20).[6] Second, Judgment Debtors acknowledge that "the CPLR only protects funds that were placed in such accounts 90 days before the commencement of a litigation." (Opp.Br. at 9). Thus, Grossman does not dispute that the relevant inquiry is when the funds were transferred into the account. As OC demonstrated (App.Br. at 39-41), all of the relevant transfers and, necessarily, the additions to the Merrill RCMA Accounts were made within the statutory lookback period of CPLR § 5205(c)(5). (A-23–24; A-369–373; A-388-394; A-396; A399–407; A-409; A-413; A-414; A-416; A-418; A-420; A-421; A-440; A-442; A-444; A-446; A-447; A-449; A-452; A-453; A-455; A-456; A-458; A-459; A-461; A-462; A-464; A-465). Thus, the evidence proves the "very creation and enhancement" of the subject retirement accounts was for the purpose of defrauding their creditors.

## CONCLUSION

It is undisputed that the district court erred in holding that OC conceded CPLR § 5205(c)(5) is preempted by ERISA. Thus, Issue 1 is answered in OC's favor. With

---

[6] Specifically, acct. no. 5065 was opened on July 31, 2021 (A-408); acct. no. 5066 was opened on August 28, 2021 (A-412); acct. no. 5067 was opened on August 28, 2021 (A-415); acct. no. 5068 was opened on August 28, 2021 (A-417); acct. no. 5078 was opened on April 30, 2022 (A-419). The arbitration was commenced on April 6, 2021.

respect to Issue 1, OC respectfully requests this Court reverse the district court's holding.

OC has proved that the district court erred in holding ERISA precludes the application of CPLR § 5205(c)(5) where, as here, the "very creation and enhancement" of the subject retirement accounts was for the purpose of defrauding their creditors.  Thus, Issue 2 is answered in OC's favor.  Further, OC has proved that the district court erred in holding CPLR § 5205(c)(5) is preempted by ERISA. Thus, Issue 3 is answered in OC's favor.

With respect to Issues 2 and 3, OC respectfully requests this Court:  (a) reverse the district court's holdings and hold that the subject retirement accounts are not exempt from application to the satisfaction of the judgment; or, at a minimum (b) (i) vacate the district court's April 16, 2024 and June 11, 2024 Orders, (ii) hold that the application CPLR § 5205(c)(5) voiding conveyances made in defraud of creditors does not impermissibly conflict with the anti-alienation provision of ERISA,  (iii) hold that the district court must apply the proper legal standard for determining whether a state statute is preempted by ERISA, which includes application of the Post-1995 Test as proscribed by, *inter alia*, the Supreme Court and Second Circuit precedents relied upon in *VFS Financing,* and (iv) remand the case for further proceedings consistent with the Court's Opinion.

Dated: January 7, 2025       Respectfully submitted,

*/s/Marc R. Labgold*
Marc R. Labgold
Patrick J. Hoeffner
Law Offices of Marc R. Labgold, PC
*Attorneys for Petitioner-Appellant*
1900 Reston Metro Plaza, Suite 600
Reston, Virginia 20190
(703) 901-8860

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) and the word limit of Fed. R. App. P. 5(c)(1), as well as Local Rule 32.1(a)(4), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,718 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.


Dated: January 7, 2025

Respectfully submitted,

/S/MARC R. LABGOLD
MARC R. LABGOLD
PATRICK J. HOEFFNER
LAW OFFICES OF MARC R. LABGOLD, PC
*Attorneys for Petitioner-Appellant*
1900 Reston Metro Plaza, Suite 600
Reston, Virginia 20190
(703) 901-8860

17