

**PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806   www.pryorcashman.com

**Jamie M. Brickell**
Partner

Office Tel: (212) 326-0869

Cell Phone: (914) 414-4784
JBrickell@PRYORCASHMAN.com

February 21, 2025

**VIA ECF**

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY  10007

    Re:    **Office Create Corporation v. Planet Entertainment, LLC, *et ano*. (Docket No. 24-1879)**

Dear Ms. Wolfe:

By order dated February 14, 2025, the Second Circuit Court of Appeals directed the parties in the above-referenced matter to submit (by February 21, 2025) supplemental letter briefs addressing whether this Court has jurisdiction over the appeal filed by Petitioner Office Create Corporation ("OC"). The following is the letter brief from Planet Entertainment, LLC ("Planet") and Steve Grossman ("Grossman") (collectively "Respondents").

As a starting point, it is worth noting that a substantial portion of the background on this issue is set forth in the Southern District of New York's July 12, 2024 Order (Doc. 101) issued in the proceedings below. The following points are delineated by Judge Ramos:

**PRYOR CASHMAN LLP**

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals - Second Circuit
February 21, 2025
Page **2** of **7**

- On December 12, 2023, OC filed an objection to an exemption claim submitted by Grossman. The District Court granted in part and denied in part the objection (Doc. 86). At footnote 2 of that order, the District Court explained that the denial was without prejudice and that OC could request a hearing in accordance with New York Civil Practice Law and Rules ("CPLR") Section 5222-a(d).

- OC requested a hearing on April 23, 2024. However, that request was stayed as a result of OC moving for reconsideration of the Court's order (Doc. 90). The Court ultimately denied OC's motion for reconsideration (Doc. 97).

- The Court held a status conference on June 28, 2024 to address OC's request for a hearing. At the conference, the Court directed the parties to submit letters concerning OC's request, which OC and Grossman did on July 3 and 11, 2024, respectively (Docs. 98 and 100).

- On July 10, 2024, OC filed a Notice of Appeal (Doc. 99).

The aforementioned July 12, 2024 Order (Doc. 101) then wrote as follows:

> It is well established that 'the filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.' *Morisseau v. DLA Piper*, 707 F. Supp. 2d 460, 461 (S.D.N.Y. 2010) (*quoting Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). At the same time, however, 'the principle that the filing of a notice of appeal divests the district court of jurisdiction does not apply in the case of attempted appeals from plainly non-appealable orders. *Id.* at 462; *see also id.* (holding that post-judgment discovery order was not an appealable final judgment because '[f]urther proceedings to enforce the judgment" were pending or obviously in view'").

PRYOR CASHMAN LLP

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals - Second Circuit
February 21, 2025
Page **3** of **7**

The district court continued:

> In the post-judgment context, the Second Circuit has explained: 'a practical rather than a technical construction of finality is especially appropriate.' *Amara v. Cigna Corp.*, 53 F.4th 241, 250 (2d Cir. 2022) (citation omitted). Accordingly, 'a district court's post-judgment order is final when it has finally disposed of [a] question, and there are no pending proceedings raising related questions.' Id.… The court of appeals "defer[s] review until the district court has decided all *related* issues to prevent piecemeal appeals of interlocutory orders in ongoing post-judgment proceedings." Id. at 251…

After reviewing these issues, the district court concluded:

> With these principles in mind, the Court finds it difficult to see how its previous decisions concerning Office Create's objection could be considered final, appealable orders. The Court's original decision denied Office Create's objection in part but explained that the denial was without prejudice and that Office Create could request a hearing in accordance with CPLR 5222-a(d). *Office Create I*, 2024 WL 1638728, at *7. The decision denying Office Create's motion for reconsideration simply affirmed that conclusion. *Office Create II*, 2024 WL 3297155, at *4. These orders did not "finally dispose[ ] of" Office Create's objection, *Amara*, 53 F.4th at 250, and the parties are still litigating the request for a hearing, see Docs. 98, 100.

Upon concluding this analysis, the District Court directed the parties to submit a joint letter stating their positions as to what effect, if any, the filing of OC's notice of appeal has on this Court's jurisdiction to resolve the pending dispute about OC's request for a hearing (Doc. 101).

PRYOR CASHMAN LLP

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals - Second Circuit
February 21, 2025
Page **4** of **7**

On July 19, 2024, the parties submitted a joint letter on the issue (Doc. 102), as directed. In their portion of the joint letter, Respondents stated that OC should not be permitted to proceed with its appeal while preserving the right to further litigate related issues in the District Court if, for example, its appeal is denied. Respondents contended that if OC wanted to proceed with its appeal, it must withdraw its request for a further hearing in the District Court and acknowledge that that decision is final. If, on the other hand, OC is determined to preserve its right to have a further hearing in the District Court about whether the accounts in question are exempt, which is clearly a related issue, OC must acknowledge that the decision of the Court below on those issues is not final, in which case it must withdraw its appeal.

In sum, Respondents maintain that OC should not be permitted to stay proceedings in the District Court while appealing decisions regarding related issues in this Court. *See JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 867 (7th Cir. 2013) (finding that a post-judgment appeal is final if it "completely disposes of the post-judgment proceedings" and that "a contrary approach would permit piecemeal appeals," which "undermine[s] efficient judicial administration and encroach[es] upon the prerogatives of district court judges").

PRYOR CASHMAN LLP

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals - Second Circuit
February 21, 2025
Page **5** of **7**

Respondents also maintain that the cases relied upon by OC in their portion of the July 19, 2024 letter underscore that this is the correct conclusion. For one thing, OC cited *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) for the proposition that the filing of a notice of appeal *from a final order* divests the district court of control over those aspects of the case involved in the appeal, demonstrating that if the Second Circuit recognizes the District Court's order on OC's motion of reconsideration as final, the District Court would no longer be authorized to rule on anything related to Grossman's exemption claim, including holding the hearing that is currently being stayed. What OC has failed to acknowledge – or intentionally ignored – is that if the Second Circuit finds that the District Court's order is not final, the appeal does not divest the district court of jurisdiction. *Leonhard v. United States*, 633 F.2d 599, 610-11 (2d. Cir. 1980); *see also Burger King Corp. v. The Horn & Hardart Co.*, 893 F.2d 525, 527 (2d Cir. 1990) (premature notice of appeal from a non-final order of the district court not disposing of all issues in the complaint and countercomplaint does not divest district court of jurisdiction). In that case, the Second Circuit would have no other choice than to dismiss OC's appeal and allow the hearing on Grossman's exemption claim to proceed in the District Court.

PRYOR CASHMAN LLP

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals - Second Circuit
February 21, 2025
Page **6** of **7**

Similarly, while OC cited to *U.S. v. Rodgers* for the proposition that the divestiture of jurisdiction rule is not a "per se" rule, the Second Circuit also acknowledged that this principle is rooted in the interest of judicial economy and that there is no "efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on the court the power to do nothing but dismiss the appeal," which is precisely what OC has done here. *Id.* at 101 F.3d 247, 251-52 (2d Cir. 1996).

Based on all of the foregoing, it is clear that OC **either**: (1) has elected to proceed with an appeal of a decision that it *knows* is not final, which is entirely inappropriate; or (2) has, by filing this appeal, waived any further right for the District Court to consider its request for a hearing. As OC has determined to proceed with its appeal at this time, it should be deemed to have waived its right to a hearing such that the decision below that it is appealing is truly final. If, however, this Court has determined that OC has preserved its right to a hearing in the District Court on this related issue, and OC withdraws its appeal and returns this matter to the District Court to conduct the hearing, it is respectfully submitted that OC should be compelled to pay Respondents' costs for having to respond to an appeal that OC knew all along was filed prematurely and inappropriately.

**PRYOR CASHMAN LLP**

Catherine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals - Second Circuit
February 21, 2025
Page **7** of **7**

                                                  Respectfully submitted,

                                                  Jamie M. Brickell

cc: Marc. R. Labgold, Esq. (via ECF)